| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| CHIA JEAN LEE #269656-078 | § | |
|---|---|---|
| | § | |
| *versus* | § | CIVIL ACTION NO. 4:21-CV-726 |
| | § | CRIMINAL ACTION NO. 4:17-CR-9(2) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Movant's letter motion asking for a different judge (#11), which the Court construes as a motion for the undersigned United States District Judge to recuse herself. Having considered the motion, the Court is of the opinion that the motion should be denied.

> Section 144 of 28 U.S.C. provides:
>
> Whenever a party to any proceeding in a district court makes and files a *timely* and *sufficient* affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reason for the belief that such bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party shall file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith. [*emphasis added throughout*]

Some of the grounds for recusal of a judge are set out in 28 U.S.C. § 455. This statute says, in pertinent part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might *reasonably* be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:

> (1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2)  Where in private practice he served as a lawyer in the controversy . . .;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness . . .;
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding; . . . .

28 U.S.C. § 455.

The Fifth Circuit has held that a legally sufficient affidavit of personal bias and prejudice on the part of a judge must meet three requirements: it must (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that bias exists; and (3) show that the bias is personal rather than judicial in nature. *Henderson v. Dep't of Public Safety and Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990). Furthermore, it is well established that mere disagreements as to rulings made are almost always insufficient to show bias or prejudice justifying removal. *See Liteky v. United States*, 114 S. Ct. 1147, 1157 (1994) (*citing United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).  Affidavits based on mere conclusions, opinions, or rumors rather than personal knowledge are legally insufficient to require recusal. *Henderson*, 901 F.2d at 1296.

The Court first notes that Movant wholly fails in her obligation to file a timely affidavit; accordingly, the motion may be summarily dismissed on that basis alone.  In the interest of justice, however, a review of the relevant information is discussed below.

The history of the case reveals that the undersigned initially presided over criminal proceedings against both Movant and her husband. *See United States v. Theodore William Taylor a/k/a Tad Taylor, et al.*, Criminal Action No. 4:17-CR-9. In that case, a jury found Movant and her husband guilty of conspiracy to distribute, dispense, and possess with intent to distribute and dispense controlled substances, in violation of 21 U.S.C. § 846(b)(1)( C). The Court sentenced Movant to 188 months' imprisonment. Crim. ECF (#168). Movant filed a direct appeal in which the United States Court of Appeals for the Fifth Circuit affirmed her conviction and sentence on July 14, 2020. Crim. ECF (#227). She then filed this case pursuant to 28 U.S.C. § 2255 (#1).

In the instant motion for recusal (#11), it appears that Movant is concerned about judicial bias because her husband filed a civil lawsuit against the undersigned United States District Judge and two Assistant United States Attorneys wherein he raises tort claims. *See Tad Taylor v. Marcia Crone, et al.,* Civil Action No. 4:22-CV-79. Movant asserts this creates a conflict of interest. A review of that case, however, shows that the undersigned was dismissed from the case. *Id.* (#16). Specifically, the United States' Motion to Substitute as Party Defendant was granted, and both the undersigned United States District Judge and the two Assistant United States Attorneys have been dismissed from the case. *Id.* Therefore, Movant's concern about a potential conflict of interest is moot.

In conclusion, Movant wholly failed to submit an affidavit. *Henderson*, 901 F.2d at 1296. She also failed to show sufficient information that would lead a reasonable person to conclude that the undersigned United States District Judge was biased against Movant. *Id*. Likewise, there is no evidence pointing to a personal, non-judicial bias. *Id*. In sum, Movant fails to show any valid basis for recusal of the undersigned United States District Judge from this action.

It is accordingly **ORDERED** that Movant's motion (Dkt. #11) is **DENIED**.

SIGNED at Beaumont, Texas, this 14th day of March, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE