| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| CHIA JEAN LEE, § | |
| § | |
| Movant, § | |
| § | |
| versus § | CIVIL ACTION NO. 4:21-CV-726 |
| § | (4:17-CR-9(2)) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## MEMORANDUM ORDER

Pending before the court is Movant Chia Jean Lee's ("Movant") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (#1) and amended motion to vacate, set aside or correct sentence (#5). The Government filed a Response in opposition (#9). Movant filed a Reply to Government's Opposition (#16), an Amended Reply (#19), and a Motion Requesting Permission and Confirmation of Amended Claim (#22). Having considered the motion, the Government's response, Movant's replies, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.  Background

On January 18, 2017, Movant, along with her husband Theodore Taylor ("Taylor"), was charged in a one-count Indictment with Conspiracy to Distribute, Dispense, and Possess with Intent to Distribute and Dispense Controlled Substances in violation of 21 U.S.C. § 846. *United States v. Lee*, 4:17-CR-9(2) (#1). On October 1, 2018, Movant and Taylor proceeded to trial. (#115). A jury returned a guilty verdict on October 10, 2018, finding that Movant and Taylor conspired to unlawfully distribute large quantities of several controlled substances through their medical clinic (#123). Specifically, the jury found Movant and Taylor conspired to distribute 114

grams of oxycodone, 580 grams of amphetamine salts, 3,896 grams of hydrocodone, 542 grams of alprazolam, and 279 grams of promethazine with codeine. *Id*.

The court entered Final Judgment on May 8, 2019, sentencing Movant to a 188-month term of imprisonment (#168). Movant filed a Notice of Appeal and, on July 14, 2020, the United States Court of Appeals for the Fifth Circuit, in a lengthy opinion, affirmed the conviction and sentence (#227); *see also United States v. Lee*, 966 F.3d 310 (5th Cir. 2020). The Fifth Circuit held that:

1. The evidence was sufficient to support Movant's guilt;

2. Venue was proper in the Eastern District of Texas;

3. The jury did not commit misconduct;

4. The court's error, if any, in admitting testimony from the Government's expert witnesses was harmless;

5. The court did not abuse its discretion in its jury instructions;

6. The court did not err in determining drug quantities for which Movant was responsible; and

7. The court did not err in calculating the advisory guidelines sentencing range.

*Id*. On October 19, 2020, the United States Supreme Court denied Movant's petition for writ of certiorari (#234).

Movant filed the above-referenced motion to vacate, set aside or correct sentence on September 20, 2021. *Lee v. United States*, 4:21-CV-726 (#1). Movant asserts the following points of error:

1. The 188-month prison sentence is based on a misapplication of various provisions of the United States Sentencing Guidelines;

> 2. The court failed to require sufficient evidence to support Movant's conviction and sentence;
>
> 3. Movant was convicted based on insufficient evidence, including "hypothesis data," unverified evidence, and "perjury data;"
>
> 4. Movant's due process rights were violated by the presentation of false and manipulated evidence and a prosecution based on "corrupt intent," "hatred," and "retaliation;" and
>
> 5. Movant's trial counsel rendered ineffective assistance by "betraying her," working with the prosecutor, hiding evidence, and failing to expose "fraud data" during cross-examination of trial witnesses.

*Id*. In the amended motion to vacate, set aside or correct sentence filed November 15, 2021, Movant argues the conviction and sentence should be vacated in light of the Supreme Court's grant of certiorari in *Ruan v. United States*, No. 20-1410 (Eleventh Circuit) and *Kahn v. United States*, No. 21-5261 (Tenth Circuit) (#5).

Respondent was ordered to Show Cause on September 23, 2021 (#3) and filed a Response on January 5, 2022 (#9). Respondent argues Movant's first four points of error are procedurally barred as Movant either argued them on appeal or should have, point of error number five is conclusory, or alternatively, lacks merit, and her amended claim is procedurally defaulted. *Id*.

Movant filed a Reply on September 21, 2022 (#16) and an Amended Reply on June 7, 2023 (#19), arguing her conviction and sentence should be vacated in light of the Supreme Court ruling in *Ruan v. United States*, 597 U.S. 450 (2022).[1] The Government has not filed a response in

---

[1] As outlined above, currently pending is Movant's Motion Requesting Permission and Confirmation of Amended Claim on Defendant's 2255 for Supreme Court's Ruling in *Ruan v. United States* (#22). The Government has not filed a response in opposition. The motion is granted and the claim will be considered by the court.

opposition to the latter. This motion to vacate, set aside, or correct sentence is now ripe for consideration.

II.     Standard of Review

The first paragraph of 28 U.S.C. § 2255 sets out the claims which are cognizable under the statute. These are: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum allowed by law; or (4) the sentence is otherwise subject to collateral attack.

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-65 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgression of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 33, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1995). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues

in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

III. <u>Analysis</u>

A. <u>Procedural Bar</u>

Movant's point of error relating to the misapplication of the federal sentencing guidelines is not cognizable on collateral review. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) ("A district court's application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255"). As to Movant's points of error relating to the sufficiency of the evidence, they appear closely related to several claims Movant asserted on direct appeal. In fact, Movant acknowledges that some of the issues she now advances were in fact raised and rejected on direct appeal. They too, therefore, are barred from collateral review. *United States v. Webster*, 392 F. 3d 787, 791 (5th Cir. 2004) (a claim "raised and rejected on direct appeal" cannot be raised in a § 2255 motion on collateral review); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions.").

To the extent any of these claims can be considered new as they relate to the sufficiency of the evidence, the record was sufficiently developed to raise those claims on direct appeal, and Movant failed to do so. The same can be said for Movant's claim four, that her "due process rights were violated by the presentation of false and manipulated evidence." This is akin to a claim for prosecutorial misconduct. When, on habeas review, a movant raises a claim that he could have raised during trial or on direct appeal but does not, he is precluded by a procedural bar from raising that claim in a § 2255 motion absent cause for the default and actual prejudice as a

result. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Lopez*, 248 F.3d 427, 433 (5th Cir. 2001). Movant argues neither cause nor prejudice to overcome the procedural default nor actual innocence as to these remaining claims. Movant's claims one through four are, therefore, denied as procedurally barred.

   B.  <u>Ineffective Assistance of Counsel</u>

  As highlighted above, in the form portion of the original motion to vacate, set aside, or correct sentence, Movant alleges trial counsel rendered ineffective assistance by "betraying her," working with the prosecutor, hiding evidence, failing to expose "fraud data" during cross-examination of trial witnesses, and failing to challenge the "obstructing justice misconduct" on cross-examination. In a typed document attached to the original form motion, movant lists numerous bullet points appearing to allege additional claims of ineffective assistance of counsel. This attachment is eight pages long and appears to be a list of every grievance and complaint Movant has about her trial and appeal. A cursory review reveals additional vague complaints about trial counsel such as: (1) failing to inform jury to disregard "faulty testimony,"(2) hiding evidence, (3) stopping witness Buciarga from testifying, (4) failing to "debate twisted debate," (5) failing to offer Movant discovery "or motion," (6) advising movant not to testify, (7) coaching prosecutor to revise PSI against Movant's objection, (8) failing to notify Movant about pretrial hearing, (9) agreeing with DEA "not to mention the (#92 DEA's request) interrogation concern," (10) never explaining and examining the offense level, (11) never objecting to the "fraud jury verdict form" and sentencing error data, and (12) ineffectively objecting "the Violation in Rule 12-11, to choosing the same Judge need to process the trial in two years." Movant also appears to allege ineffective assistance of appellate counsel for "not object[sic] effectively" regarding

"fraud testimony data." Movant, however, offers nothing more in support of these points of error. She offers no specifics, no context, nor additional detail as to any of these claims. Movant's complaint is also absolutely devoid of any discussion relating to prejudice.

In order to establish ineffective assistance of counsel, Movant must prove counsel's performance was deficient, and the deficient performance prejudiced Movant's defense. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). Because Movant must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance, and that the challenged conduct was the result of a reasoned trial strategy. *Id.; United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided reasonably effective assistance, Movant must prove his attorney's performance was objectively unreasonable in light of the facts of the movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294. Movant, here, makes no effort to do so.

In addition to proving counsel's performance was deficient, Movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Mere allegations of prejudice are insufficient; the movant must affirmatively prove, by a preponderance of the evidence, that he was

7

prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Movant, here, makes no effort to argue prejudice.

Movant's claims of ineffective assistance of counsel are conclusory. The Fifth Circuit has stated that conclusory allegations of ineffective assistance are not sufficient to raise a constitutional issue. *United States v. Whitehead*, 393 F. App'x 226, 227 (5th Cir. 2010) (citing *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990)). Bare, conclusory allegations unsupported by other indicia of reliability in the record fall short of the *Strickland* requirements for determining ineffective assistance of counsel. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 n. 2 (5th Cir. 1983). Moreover, as previously stated, Movant offers no discussion as to how she was prejudiced by counsel's alleged ineffectiveness. Regardless, the "overwhelming evidence" of guilt, as highlighted by the Fifth Circuit, undermines any claim that counsel's performance was so deficient as to "undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.[2] In the absence of any showing of prejudice resulting from these claims of alleged ineffective assistance of counsel, Movant's claims are without merit.

C. Amended Claims

In moving to amend her claims, Movant first appeared to argue that the mere fact that the Supreme granted certification in *Ruan v. United States* (No. 20-1410, Eleventh Circuit) and *Khan v. United States* (No. 21-5261, Tenth Circuit) somehow afforded her relief. In her last motion seeking confirmation of her amended claim, Movant turns her focus solely to the ultimate Supreme

---

[2] The Fifth Circuit stated, "in fact, it is hard to find another Fifth Circuit pill mill case with such overwhelming evidence of guilt." *Lee*, 966 F.3d at 326.

8

Court opinion in *Ruan v. United States*, 597 U.S. 450 (2022).[3] Movant argues that in light of *Ruan*, the "flawed jury instructions" in her case warrant federal habeas relief. Specifically, Movant argues the jury instructions are not consistent with the Supreme Court ruling in *Ruan* as they did not include the "except as authorized" clause in the elements of the statute. The court will focus on the latter.

In *Ruan*, the Supreme Court determined that, to convict a medical professional under 21 U.S.C. § 841 for dispensing controlled substances not "as authorized," "[a]fter a defendant produces evidence that he or she was authorized to dispense controlled substances, the government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." 597 U.S. at 454. In other words, the Government must show that a physician subjectively knew that the prescription in question was unauthorized; it is not enough to show that the physician was objectively unauthorized to issue it. The appellate court in that case "evaluated the jury instructions under an incorrect understanding of § 841's scienter requirements," and the Supreme Court remanded for further proceedings. *Id.* at 467-68.

While Movant, here, does not explicitly argue that *Ruan* should be given retroactive effect, the court, giving the pleadings the most liberal construction, construes the claim as such. Assuming that *Ruan* announced a new right that applies retroactively, Movant's claim pursuant to *Ruan* is timely under 28 U.S.C. § 2255(f)(3).[4] The challenge for Movant is that this claim

---

[3] *Kahn v. United States*, No. 21-5261, was consolidated with *Ruan v. United States*, No. 20-1410.

[4] "If the prisoner claims that his sentence violates a right that did not exist at the time of conviction, he has one year to file an initial § 2255 petition from the date the new right was recognized by the Supreme Court and made retroactive to cases on collateral review." *United States v. Kelley*, 40 F.4th 250, 251 (5th Cir. 2022) (quoting 28 U.S.C. § 2255(f)(3)). The Fifth Circuit has not addressed the retroactive effect of *Ruan*. The court finds the Fifth Circuit opinion In *Kelley* instructive. In *Kelley*, the Fifth Circuit analyzed a claim under *Rehaif v. United States*, 488 U.S. 225 (2019), in an initial § 2255 motion as compared to

could have been argued during trial or on direct appeal, just as it is was done in *Ruan*. Movant did not argue that the jury instructions misstated the scienter requirement for the charged offense.[5] In fact, Movant proposed the jury instructions that applied to this issue, which the court largely adopted. It is well known that a collateral challenge may not take the place of a direct appeal. *Shaid*, 937 F.2d at 232. Accordingly, because Movant could have raised this issue during trial or on direct appeal, she may not raise it on collateral review unless she shows cause and prejudice for her procedural default or actual innocence. Movant makes no attempt to do so. As a result, the claim is procedurally defaulted.

Regardless, *Ruan* does not afford Movant relief. "The holding in *Ruan* applied to substantive drug-distribution charges under 21 U.S.C. § 841(a) and not to conspiracy charges under 21 U.S.C. § 846." *Sanchez v. United States*, 2:21-cv-240, 2023 WL 8418024 at *8 (M.D. Ala. Oct. 12, 2023) (citing *United States v. Ruan*, 56 F.4th 1291, 1299-1302 (11th Cir. 2023) ("*Ruan* II") (Eleventh Circuit opinion on remand from the Supreme Court's *Ruan* decision) and *United States v. Murphy*, No. 520CR291LSCGC1, 2023 WL 2090279 at 3 (N.D. Ala. Feb. 17, 2023)); *see also Okechuku v. Salmonson*, 5:22cv135, 2023 WL 5519362 at *11 (E.D. Tex. Aug. 1, 2023) (same); *United States v. Ajayi*, 64 F.4th 243, 248 (5th Cir. 2023) ("[Section] 846 jury instructions of the type given in Petitioner's case 'fill[] any gap by clearly requiring that the jury find that [Petitioner] understood the illegitimate nature of his conduct'" on direct appeal). A conspiracy conviction under § 846 requires the Government to prove that the defendant knew of

---

one pursued through a successive § 2255 motion. Like *Rehaif*, *Ruan* is a case of statutory interpretation that appears to recognize a new right (as compared to a new rule of constitutional law) that should be applied retroactively. *Id*. at 251-253. "By contrast, the provision governing initial petitions requires only a 'right [that] has been newly recognized by the Supreme Court' and made retroactive." *Id*. at 252.

[5] Movant challenged a different jury instruction on appeal.

the illegal nature of the scheme and agreed to participate in it. *United States v. Cervantes*, 107 F.4th 459, 466 (5th Cir. 2024). Here, Movant cannot raise a colorable argument that she neither "knew [n]or intended that [her] . . . conduct was unauthorized." *Ruan*, 597 U.S. at 467. Indeed, on direct appeal, the Fifth Circuit noted that "there was plenty of evidence indicating each defendant knew Taylor was improperly prescribing drugs to patients," characterizing the case as one "with strong evidence of actual knowledge." *Lee*, 966 F.3d at 325-26. The Fifth Circuit further explained that the "substantial evidence" of the defendants' actual knowledge "[came] from a variety of sources: undercover agents, witnesses who raised concerns about patients' drug abuse, the defendants' practice of ignoring highly suspicious drug tests, the clinic's odd pricing structure, and Taylor's cursory medical examinations." *Id*. at 326. Because the Supreme Court's holding in *Ruan* does not affect Movant's conspiracy conviction, Movant would be entitled to no relief on the merits of her *Ruan*-based claim.

IV.   Conclusion

Movant's Motion Requesting Permission and Confirmation of Amended Claim on Defendant's 2255 for Supreme Court's Ruling in *Ruan v. United States*, 142 S. Ct. 2370 (#22) is GRANTED. Movant's motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

Furthermore, Movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires Movant to make a substantial showing of the denial of a federal

constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, Movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of Movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Movant has not shown that any of the issues raised by her claims are subject to debate among jurists of reason. The factual and legal questions advanced by Movant are not novel and have been consistently resolved adversely to her position. In addition, the questions presented are not worthy of encouragement to proceed further. Thus, Movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Therefore, a certificate of appealability shall not be issued.

SIGNED at Beaumont, Texas, this 22nd day of August, 2024.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE